CALVIN GOLD et ux., Plaintiffs in Error, *v.* EBENEZER Z. RYAN, Assignee, &c., Defendant in Error.

ERROR TO GALLATIN.

A complainant is bound by the allegations of his bill, and if he fails to show by it that he is entitled to any or only partial relief, it is erroneous to decree it to him, or to a greater extent than he has claimed.

It is erroneous to debar a woman of her claim to dower in premises, included in a mortgage which she did not sign.

THE decree in this suit was entered by MARSHALL, Judge, at the October term, 1851, of the Gallatin Circuit Court.  All the facts necessary to a full understanding of the opinion, are stated in it.

5*

OLNEY and FREEMAN, for plaintiffs in error.

WILLIAM THOMAS, for defendant in error.

TRUMBULL, J. This was a bill in chancery, filed in the Gallatin circuit court to foreclose five mortgages, four of which were executed by Gold and wife, and one by Gold alone, to the president, directors, and company of the Bank of Illinois. In the condition of each of the mortgages is a provision making the mortgage a security for any renewed note that might be given in lieu of the original one specified in the mortgage; and the bill, after setting forth this condition, contains an allegation in reference to three of the mortgages, " that in conformity with the terms of said condition, the said Calvin Gold, on the ——— day of ———, A. D. ———, renewed the said note by giving his note to the president, directors, &c., of the Bank of Illinois for the sum of $ ———, payable in ——— months from said date, with eight per cent. interest, upon which said renewed note there is due to the Bank of Illinois the sum of $ ———. The notes to secure which two of the mortgages are alleged to have been given, are not stated to have been renewed, and as to those notes, the dates, amounts, and times of payment, are specifically set forth, as also the amount then due upon each.

The defendants filed a demurrer to the bill, which the court overruled, and upon their refusal to answer further, the bill was taken *pro confesso,* and a decree entered upon all the mortgages, requiring the defendant Gold to pay the sums due on the same, amounting in the whole to $17,335.21, by a certain day therein named. Or, in case of his refusal so to do, foreclosing both him and his wife from all equity of redemption in and to the mortgaged premises. A motion was made in the circuit court to set aside the decree, which, being overruled, and the defendants failing to pay the sum decreed to be due, the mortgaged premises were sold by the master, and deeds executed to the purchasers. The master made his report of the sale, to which numerous exceptions were taken, all of which were disallowed by the court, and the report approved.

In the view we take of the case, it is unnecessary to notice any of the proceedings subsequent to the decree, for if that was erroneous, it will have to be reversed, and the subsequent proceedings, unless the rights of third persons have in the mean time intervened, will fall with it.

The bill showed sufficient to entitle the complainants to a decree, at least upon two of the mortgages. The demurrer,

therefore, was properly overruled; but by refusing to answer further, and allowing the bill to be taken for confessed, the defendants only admitted such facts as were properly alleged in the bill, and upon three of the mortgages the complainants failed to show that any thing was due. The original notes to secure which they were given, were extinguished by the execution of the renewed notes, the dates, amounts, and times of payment of which are all left blank in the bill, and the notes themselves are not made exhibits to it.

A complainant is bound by the allegations of his bill, and if he fails to show by the bill that he is entitled to any or only partial relief, it is erroneous for the court to decree it to him, or to a greater extent than he has claimed.

The decree, moreover, forecloses the equity of redemption of Hannah Gold in the premises described in the mortgage which she did not execute, and directs the master, in case of sale, to execute deeds to the purchasers, conveying to them all the right, title, and interest which she might have in the premises. The court had no right to debar her of a claim of dower in the premises included in the mortgage which she did not sign.

Decree reversed, and cause remanded.

*Decree reversed.*